UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNIOR AQUINO, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FORT WASHINGTON AUTO BODY CORP., and THOMAS SURDAK, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.: 16-CV- 390**<br><br>Jury Trial Demanded |

YUNIOR AQUINO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against FORT WASHINGTON AUTO BODY CORP. ("Fort Washington"), and THOMAS SURDAK, individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each pay day, N.Y. Lab. Law § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff worked for Defendants, an auto body shop and its owner, as a painter from in or around April 2007 to September 18, 2015.  As described below, for the entirety of his employment, and specifically for the six-year period pre-dating the commencement of this action, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week or virtually each week.  For his work, the Defendants failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate for any hours that he worked in excess of forty each week.

3. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.  Plaintiff brings all claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts-into this action.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

8.     At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9.     At all relevant times herein, Defendant Fort Washington was and is a New York corporation with its principal place of business located at 1308 Edward L Grant Highway, Bronx, New York 10452.

10.    At all relevant times herein, Defendant Surdak was and is the Chief Executive Officer of Defendant Fort Washington.  Defendant Surdak personally managed and oversaw the day-to-day operations of Defendant Fort Washington, and was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Surdak had and exercised the power to hire and fire and approve all personnel decisions with respect to Defendant Fort Washington employees.  To that end, Defendant Surdak personally hired and fired Plaintiff and other Fort Washington employees.

11.    At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and NYLL.  Additionally, Fort Washington's qualifying annual business exceeded and exceeds $500,000.00, and Fort Washington is engaged in interstate commerce within the meaning of the FLSA, as all of Fort Washington's employees, including Plaintiff and FLSA Plaintiffs, were and are required to perform work on automobiles by using tools and equipment that were and are moved in interstate commerce, including, for example, the paint that Plaintiff used when working on Fort Washington's customers' cars, which originated out of

state.  This subjects Defendants to the overtime requirements of the FLSA as an enterprise, and with respect to Plaintiff and FLSA Plaintiffs individually.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant Fort Washington is a New York-based auto body shop, which provides automobile detailing and maintenance to customers in the Bronx, New York.

17. Defendant Surdak is the owner of the company who regularly oversees its day-to-day operations, and who is responsible for all matters with respect to hiring, firing, disciplining, and determining employees' rates and methods of pay and hours worked.

18. In or around April of 2007, Surdak hired Plaintiff, on behalf of Fort Washington, as a painter, and employed him in this position until on or around September 18, 2015.

19. Plaintiff's primary duties consisted of painting Defendants' customers' automobiles at Defendants' auto body shop in the Bronx, New York.

20. From the start of his employment until in or around December 2012, Defendants required Plaintiff to work from 7:00 a.m. until 4:30 p.m., five days per week, with a thirty-minute break each day.

21. Beginning in or around January 2013 and continuing until his termination on September 18, 2015, Defendants changed Plaintiff's work hours, and required Plaintiff to work two alternative schedules approximately every other week. During one week, Plaintiff worked the same schedule described above. During the following week, Plaintiff started his workday at 6:00 a.m. and continued working until 3:30 p.m., with a thirty-minute break each day.

22. Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, forty-five hours per week.

23. By way of example only, during the week of September 7, 2015, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 7:00 a.m. until

5

4:30 p.m., taking a thirty-minute break each day. Thus, adding up the hours for this representative workweek, Plaintiff worked forty-five hours.

24. From the start of his employment through July 10, 2015, for each workweek that Plaintiff worked, Defendants paid Plaintiff a flat salary of $840.00 per week, which was meant to cover only Plaintiff's first forty hours worked per week, and which amounted to an hourly rate of $21.00 per hour. Beginning on or around July 11, 2015 and continuing until his termination, Defendants paid Plaintiff $915.00 per week, which was meant to cover only Plaintiff's first forty hours worked per week, and which amounted to an hourly rate of $22.88 per hour.

25. Throughout the entirety of his employment, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of time and one-half his straight-time rate, for any hours that he worked in excess of forty each week.

26. Defendants paid Plaintiff on a weekly basis.

27. Before 2013, Defendants paid Plaintiff $300.00 per week in cash and $540.00 per week by check. Beginning in 2013 continuing until July 10, 2015, Defendants paid Plaintiff $165.00 per week in cash and $675.00 per week by check. Beginning on July 11, 2015 and continuing until his termination, Defendants paid Plaintiff $165.00 per week in cash and $750.00 per week by check.

28. On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

29. Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described above.

30. Defendants acted in the manner described above so as to maximize their profits while minimizing their labor costs and overhead.

31. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

32. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

34. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

36. Defendants willfully violated the FLSA.

37. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

39. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

41. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

42. Plaintiff, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

43. Defendants willfully violated the NYLL and the NYCCRR.

44. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

46. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

48. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

49. As described above, the Defendants, on each payday, willfully failed to furnish Plaintiff, and any FLSA Plaintiff who opts-into this action, with an accurate wage statement on each payday containing the criteria required under the NYLL.

50. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek that the violation occurred, up to a statutory cap of $2,500.

51. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday that the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

52. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.  Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.  Pre-judgment and post-judgment interest, as provided by law; and

j.  Granting Plaintiff and FLSA Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       January 18, 2016

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    655 Third Avenue, Suite 1821
                                    New York, New York 10017
                                    (516) 248-5550

                            By:     _____
                                    MICHAEL R. MINKOFF (MM 4787)
                                    ALEXANDER T. COLEMAN (AC 1717)
                                    MICHAEL J. BORRELLI (MB 8533)